[Cite as *State v. Chapman*, 2016-Ohio-8151.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104379**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LITRELL CHAPMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-96-345622-A

**BEFORE:** Jones, A.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 15, 2016

**FOR APPELLANT**

Litrell Chapman, pro se
Inmate No. 334-875
P.O. Box 901
Leavittsburg, Ohio 44430


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Daniel T. Van
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., A.J.:

{¶1} Defendant-appellant Litrell Chapman appeals the sentence on his convictions for aggravated murder, aggravated burglary, and aggravated robbery. For the reasons that follow, we affirm in part, reverse in part, and remand.

{¶2} Chapman was convicted of aggravated murder, aggravated burglary, and aggravated robbery in the May 30, 1996 shooting death of David White. On April 11, 1997, he was sentenced to life imprisonment without parole eligibility for twenty years on the aggravated murder conviction, consecutive to concurrent terms of ten to twenty-five years on the aggravated burglary and aggravated robbery convictions. His convictions were affirmed on appeal, but this court remanded the case for resentencing on the aggravated burglary and aggravated robbery counts in accordance with S.B. 2. *State v. Chapman*, 8th Dist. Cuyahoga No. 72532, 1998 Ohio App. LEXIS 3042, * 15 - * 16 (July 2, 1998) ("*Chapman I*"). In *Chapman I*, this court noted that it was bound to follow its own precedent, established in the en banc decision of *State v. Delgado*, 8th Dist. Cuyahoga No. 71497, 1998 Ohio App. LEXIS 1615 (Apr. 9, 1998), that a defendant who commits an offense prior to the July 1, 1996 effective date of S.B. 2, but is sentenced after that date to a term of incarceration, is entitled to be sentenced in accordance with S.B. 2. *Chapman I* at *15.

{¶3} On remand, the trial court resentenced Chapman to life imprisonment without parole eligibility for twenty years on the aggravated murder conviction, consecutive to concurrent terms of ten years on the aggravated burglary and aggravated robbery

convictions. From 2001 to 2011, Chapman filed numerous motions for new trials and postconviction relief, all of which the trial court denied. His various appeals were dismissed by this court. *See State v. Chapman*, 8th Dist. Cuyahoga Nos. 79812, 80787, 89416, and 96580.

{¶4} In 2016, Chapman filed a motion for resentencing. The trial court denied his motion. He filed a timely notice of appeal, but subsequently moved to dismiss his appeal for lack of subject matter jurisdiction. This court denied his motion.

{¶5} In his pro se appeal, Chapman raises one assignment of error in which he claims the trial court erred when it denied his motion for resentencing. Chapman claims that he is entitled to a de novo resentencing on all of the counts.

{¶6} Subsequent to this court's decision in *Chapman I*, the Ohio Supreme Court decided *State v. Rush*, 83 Ohio St.3d 53, 697 N.E.2d 634 (1998). In *Rush*, the court held that the sentencing provisions of S.B. 2 apply only to those crimes committed *on or after* July 1, 1996. *Id.* at paragraph two of the syllabus. Chapman committed his crimes on May 30, 1996.

{¶7} The trial court initially properly sentenced Chapman under the pre-S.B. 2 sentencing scheme, but, upon remand from this court, vacated that sentence, and sentenced him to a definite term. Thus, because Chapman committed the crimes prior to the effective date of S.B. 2, the pre-S.B. 2 sentencing scheme should have controlled the trial court's imposition of sentence. *See State v. Gates*, 8th Dist. Cuyahoga No. 93789, 2010-Ohio-5348, ¶ 6. The state concedes the error.

{¶8} Chapman's sentence, however, is not void and he is not entitled to a de novo resentencing. R.C. 5145.01 provides that

> [i]f, through oversight or otherwise, a person is sentenced to a state correctional institution under a definite term for an offense for which a definite term of imprisonment is not provided by statute, the sentence shall not thereby become void, but the person shall be subject to the liabilities of such sections and receive the benefits thereof, as if the person had been sentenced in the manner required by this section.

{¶9} Under this statute, if a determinate sentence is imposed instead of a statutorily required indeterminate sentence, the determinate sentence is treated as an indeterminate one. *State v. Lauharn*, 2d Dist. Miami No. 2010-CA-35, 2011-Ohio-4292, *4; *see also Gates* at ¶ 8 (concluding that the definite-term sentence imposed for a pre-S.B. 2 offense was not void but deemed an indefinite sentence under R.C. 5145.01); *State v. Whitehead*, 10th Dist. Franklin No. 90AP-260, 1991 Ohio App. LEXIS 1324 (Mar. 28, 1991) (after finding no error with the defendant being resentenced to an indeterminate sentence from a determinate one, the court noted that "it is at least arguable that the proper [indeterminate] sentence * * * would be applied as a matter of law pursuant to R.C. 5145.01.").

{¶10} In *Gates*, the defendant was sentenced to a term of ten to 25 years for two counts of rape. The defendant requested a definite sentence under S.B. 2 and the trial court vacated his original sentence and resentenced him to ten years on the counts, to be served concurrently. He then filed a motion for resentencing based on postrelease control and was resentenced to an indefinitie term of ten to 25 years on the two counts of rape, to be served concurrently. This court held that pursuant to R.C. 5145.01, his definite term sentence on the two counts of rape was to be deemed under the statute as an

indefinite sentence. *Id.* at ¶ 8.

{¶11} Chapman's convictions for aggravated burglary and aggravated robbery, under former law, carry minimum terms of five to ten years and a statutorily mandated maximum term of 25 years in prison. *See* former R.C. 2929.11(B)(1)(a). Though the trial court erred when it resentenced Chapman to a definite term on the aggravated burglary and aggravated robbery counts, the sentences on those counts may be deemed to be indeterminate sentences, as required by R.C. 2929.11(B)(1)(a), with the ten-year term as the minimum indefinite term and 25 years as the maximum indefinite term.

{¶12} In light of the above, the sole assignment of error is sustained in part.

{¶13} The judgment of the trial court is reversed and remanded only for the trial court to correct its sentencing entry with respect to the aggravated robbery and aggravated burglary counts to reflect that the sentences, by operation of R.C. 5145.01, are indeterminate sentences with ten-year definite terms as the minimum and 25 years the maximum consecutive to Chapman's 20-years-to-life sentence for aggravated murder.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR