[Cite as *State v. Chapman*, 2025-Ohio-45.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff- Appellee, | : | No. 113802 |
| v. | : | |
| LITRELL CHAPMAN, | : | |
| Defendant-Appellant. | : | |

---

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 9, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-96-345622-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van and Sarah E. Hutnik, Assistant Prosecuting Attorneys, *for appellee*.

Michael A. Partlow, *for appellant*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant Litrell Chapman appeals the trial court's denial of his successive motion for new trial. Because we find the trial court properly denied the motion, we affirm the judgment appealed.

{¶ 2} On April 11, 1997, Chapman was convicted of aggravated murder, aggravated burglary, aggravated robbery, and one- and three-year firearm specifications.[1] This court affirmed the convictions on appeal but remanded the case for resentencing in *State v. Chapman*, 1998 Ohio App. LEXIS 3042 (8th Dist. July 2, 1998). On July 27, 1998, the trial court resentenced Chapman and imposed a three-year sentence on the firearm specifications, a life sentence for aggravated murder with the possibility of parole after 20 years, and 10-year definite sentences on the aggravated robbery and burglary charges to be served concurrently but consecutively to the sentence for aggravated murder.[2]

{¶ 3} On January 30, 2001, Chapman filed a motion for a new trial. In addition to arguing error at trial, he argued that newly discovered evidence was grounds to grant a new trial because two State witnesses, Clinton Robinson and

---

[1] Chapman's codefendants, Alonzo Quinnie and Willis McNeal, were also convicted in connection with this case. *See State v. Quinnie,* 1998 Ohio App. LEXIS 3158 (8th Dist. July 9, 1998), and *State v. McNeal*, 2001 Ohio App. LEXIS 1596 (8th Dist. Apr. 5, 2001).

[2] Not relevant to the issues raised in this appeal, Chapman has continued to challenge his sentence. *See State v. Chapman*, 2016-Ohio-8151, ¶ 13 (8th Dist.); *State v. Chapman,* 8th Dist. Cuyahoga No. 112307 (dismissed Jan. 11, 2023).

Timothy Larkin, altered their testimony during the trial of appellant's codefendant Alonzo Quinnie. *State v. Chapman*, 2002-Ohio-1081, ¶ 2 (8th Dist.). This court dismissed Chapman's appeal because it was untimely filed and he did not seek leave to file a delayed appeal. *Id*. at ¶ 10 – 11.

{¶ 4} On December 8, 2006, Chapman filed a request for leave to file a delayed motion for a new trial in which he argued his codefendants provided false testimony at his trial. *State v. Chapman*, 2011-Ohio-4642, ¶ 11 (8th Dist.). The trial court denied the motion. This court dismissed his appeal of the trial court's denial of the motion pursuant to R.C. 2505.02. *State v. Chapman*, 2011-Ohio-4642, ¶ 12 (8th Dist.).

{¶ 5} On February 11, 2011, Chapman filed a "notice for newly discovered evidence." The trial court subsequently denied the notice, referring to Chapman's filing as a motion for new trial. *Id*. at ¶ 14. This court dismissed Chapman's appeal of that order because it was not a final order. *Id*. at ¶ 30.

{¶ 6} In 2018, Chapman filed motions arguing that the State withheld evidence. On December 4, 2019, the trial court denied the motions in the following journal entry:

> Request for judicial notice hearing requested to determine if the prosecution fail to disclose constitutional error that is outcome-determinative to the [defendant's] guilt, filed pro se is hereby denied.

> Hearing requested to determine if the prosecution fail to disclose constitutional error that is outcome-determinative to the petitioner['s] conviction, filed pro se is hereby denied.

> Request for leave to request public record [O.R.C.] 149.43(b) to support a justiciable claim the prosecution fail to disclose evidence of the defendant's innocence, filed pro [se] is hereby denied.

Chapman did not appeal the trial court's denial of his motions.

{¶ 7} On February 12, 2024, Chapman filed a motion for leave to file a motion for new trial. Within the motion for leave, Chapman argued that he obtained newly discovered evidence regarding Larkin's testimony and that the State withheld evidence. On March 18, 2024, the trial court denied the motion for leave to file a motion for new trial.

{¶ 8} Chapman appeals the denial of his motion for leave and asserts one assignment of error that reads:

> The trial court erred by denying appellant's motion for leave to file a motion for a new trial.

{¶ 9} Chapman argues the trial court erred by not holding a hearing on his motion for leave and by not making a finding that he was unavoidably prevented from discovering the evidence that formed the basis of his motion for new trial. The State argues that the trial court did not err because Chapman did not show that he was entitled to a new trial in his motion for leave and the arguments were previously litigated and were barred by res judicata.

{¶ 10} "Res judicata is applicable to all postconviction proceedings." *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). "Under this doctrine, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or

on direct appeal." *Id.* Further, this court has specifically held that "[r]es judicata bars all subsequent new trial motions that are based on claims that were brought or could have been brought on direct appeal or in prior motions filed under Crim.R. 33." *State v. Williamson*, 2019-Ohio-1985, ¶ 14 (8th Dist.).

{¶ 11} In 2001, Chapman raised the issue of Larkin's testimony in a motion for new trial. In 2006, he again raised the issue of Larkin's testimony. In 2018, Chapman raised the issue of Larkin's and Robinson's testimony and argued in motions to the trial court that the State failed to disclose evidence. Thus, Chapman has previously litigated the issue of Larkin's and Robinson's testimony and the alleged suppression of evidence. Accordingly, the motion for leave to file a motion for new trial was subject to denial on the basis of res judicata.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., and
SEAN C. GALLAGHER, J., CONCUR