[Cite as *State v. Nicholson*, 2025-Ohio-1432.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| TIMOTHY J. NICHOLSON | : | Case No. CT2024-0122 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. CR2024-0302


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        April 22, 2025


APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. PALMER
27 North 5th Street
#201
Zanesville, OH  43701

For Defendant-Appellant

APRIL F. CAMPBELL
6059 Frantz Road
Suite 206
Dublin, OH  43017

*King, J.*

{¶ 1}   Defendant-Appellant, Timothy J. Nicholson, appeals his October 4, 2024 conviction and sentence from the Court of Common Pleas of Muskingum County, Ohio. Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On May 16, 2024, the Muskingum County Grand Jury indicted Nicholson on two counts of breaking and entering in violation of R.C. 2911.13, three counts of theft in violation of R.C. 2913.02, one count of tampering with evidence in violation of R.C. 2921.12, one count of telecommunications fraud in violation of R.C. 2913.05, and one count of possessing criminal tools in violation of R.C. 2923.24.  Six of the counts included forfeiture specifications for Nicholson's 1999 Dodge Dakota truck.  On July 31, 2024, Nicholson pled guilty pursuant to a plea agreement to one breaking and entering count and two theft counts with the attendant forfeiture specifications; the remaining counts were dismissed.  The parties jointly recommended a sentence of thirty-six months.

{¶ 3}   On August 21, 2024, Nicholson's attorney filed a motion to withdraw as counsel at his client's request and Nicholson filed a motion to withdraw his guilty pleas because they were not taken knowingly, intelligently, and voluntarily.  A hearing was held on September 16, 2024.  By entry filed September 24, 2024, the trial court denied the motions.  By entry filed October 4, 2024, the trial court followed the plea agreement and sentenced Nicholson to thirty-six months in prison.

{¶ 4}   Nicholson filed an appeal and was appointed counsel.  Thereafter, Nicholson's attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967). In *Anders,* the United States Supreme Court held that if, after a conscientious examination

of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 5} On December 19, 2024, Nicholson's counsel filed a motion to withdraw and indicated she sent Nicholson a copy of the *Anders* brief and the relevant transcripts. By judgment entry filed January 9, 2025, this court noted counsel had filed an *Anders* brief and indicated to the court that she had served Nicholson with the brief. Accordingly, this court notified Nicholson via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Nicholson did not do so.

{¶ 6} The matter is now before this court for consideration of counsel's *Anders* brief. Counsel urges this court to review the following:

I

{¶ 7} "THE TRIAL COURT ERRED IN NOT ALLOWING NICHOLSON TO WITHDRAW HIS PLEA."

II

{¶ 8} "THE TRIAL COURT ERRED IN ACCEPTING NICHOLSON'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

{¶ 9} For ease of discussion, we will address the second assignment of error first.

II

{¶ 10} In the second assignment of error, counsel suggests the trial court erred in accepting Nicholson's guilty plea under Crim.R. 11 and erred in sentencing him. We disagree.

PLEA

{¶ 11} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶ 12} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. The Supreme Court of Ohio noted the "different tiers of compliance with the rule" i.e., partially, substantially, strictly, literally, "have served only to unduly complicate what should be a fairly straightforward inquiry." *State v. Dangler,* 2020-Ohio-2765, ¶ 17. The Court stated: "Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* But the Court reaffirmed the substantial compliance rule when it stated: "the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure

of the trial court to comply with the provisions of Crim.R. 11(C)."  *Id.* at ¶ 16, citing *Nero* at 108.  In *Nero,* the Supreme Court of Ohio stated: "[l]iteral compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance."  *Nero* at 108.  "Substantial compliance" means "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."  *Id.*

{¶ 13} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering a plea, the defendant waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to compulsory process to obtain witnesses; and (5) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial.  Crim.R. 11(C)(2)(c).

{¶ 14} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing.  Crim.R. 11(C)(2)(a) and (b).

{¶ 15} We have reviewed the transcript of Nicholson's pleas and find the trial court was very thorough in its explanations and met *Dangler's* requirement of compliance with his constitutional and non-constitutional rights; Nicholson indicated he understood the implications of his pleas and the rights he was waiving.  July 31, 2024 T. at 5-11.  He

stated he understood the three charges he was pleading guilty to with the attendant forfeiture specifications. *Id.* at 5-6, 8. The following exchange occurred (*Id.* at 9):

THE COURT: You understand that in exchange for your pleas of guilty, there's a joint recommendation that you be sentenced to 36 months in prison and forfeit the vehicle that was seized in this matter. Additionally, that you would stipulate to maximum consecutive sentences on these three counts. Is that your understanding of the joint recommendation?

THE DEFENDANT: It is, Your Honor.

{¶ 16} Nicholson did not ask any questions or express any confusion as to the charges and the joint recommendation of sentence. Following the colloquy on giving up his constitutional rights, Nicholson pled guilty to the three charges with forfeiture specifications. *Id.* at 11-12. At the start of the plea hearing, defense counsel indicated he had the opportunity to meet with Nicholson on several occasions and they discussed the change of plea form in great detail. *Id.* at 5. Defense counsel stated he believed Nicholson "knowingly, intelligently, and voluntarily signed that agreement." *Id.* We do not find any evidence to the contrary.

SENTENCES

{¶ 17} As for Nicholson's sentence, this court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 18} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 19} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed

in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds, State v. Morris*, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶ 20} After a proper Crim.R. 11 colloquy, Nicholson pled guilty to three felonies of the fifth degree. July 31, 2024 T. at 11-12. During the plea colloquy, Nicholson acknowledged he understood the joint recommendation for sentencing and stipulated to maximum consecutive sentences. *Id.* at 9. Under R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "a definite term of six, seven, eight, nine, ten, eleven, or twelve months." The trial court sentenced Nicholson per the joint recommendation to three, twelve-month terms, to be served consecutively. September 30, 2024 T. at 11. The sentences are within the statutory range for fifth-degree felonies. The trial court noted Nicholson's lengthy criminal record and made the requisite findings for consecutive sentencing under R.C. 2929.14(C)(4). *Id.* at 7-11; Entry filed October 4, 2024. The trial court notified Nicholson of postrelease control and his right to appeal. *Id.* at 11-12; Entry filed October 4, 2024. The trial court noted its consideration of the appropriate sentencing factors on the record and in its sentencing entry.

{¶ 21} Upon review of the record, we find the trial court properly informed Nicholson of the consequences of his pleas, properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, imposed sentences within the permissible statutory range, explained the stated and indefinite sentences, and properly imposed postrelease control. Nicholson's sentences are therefore not clearly and convincingly contrary to law.

I

{¶ 22} In the first assignment of error, counsel suggests the trial court erred in denying Nicholson's motion to withdraw his plea. We disagree.

{¶ 23} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66 (1985). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 24} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Supreme Court of Ohio has stated a presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 526

(1992). But "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id.* at paragraph one of the syllabus. A trial court must conduct a hearing and determine whether there is "a reasonable and legitimate basis for the withdrawal of the plea." *Id.* The determination of "a reasonable and legitimate basis" also lies within the trial court's sound discretion. *State v. Rosemark*, 116 Ohio App.3d 306, 308 (9th Dist. 1996).

{¶ 25} Factors a trial court may consider when making a decision on a motion to withdraw a guilty plea include: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist. 1995). No one *Fish* factor is conclusive. *State v. Cuthbertson*, 139 Ohio App.3d 895, 899 (7th Dist. 2000). "It is well-established that a mere change of heart is an insufficient basis for withdrawing a guilty plea." *State v. Parker*, 2025-Ohio-45, ¶ 15 (8th Dist.).

{¶ 26} In his motion to withdraw, Nicholson argued his guilty pleas were not taken knowingly, intelligently, and voluntarily. At the hearing, Nicholson stated he did not understand what was going on during his plea hearing. September 16, 2024 T. at 8. When questioned by the trial court, Nicholson admitted he had been in numerous legal proceedings throughout his life, he understood there was a joint recommendation of thirty-six months in prison, and he understood he pled guilty to that joint recommendation. *Id.* at 5-6. He claimed he was confused about the deal he accepted because "it's not really

the same deal we talked about when we were in private."  *Id.* at 6.  Defense counsel explained originally the plea agreement was forty-two months in prison and the return of his truck, but Nicholson ultimately agreed to thirty-six months and the forfeiture of his truck.  *Id.*  As reviewed above, during the plea hearing, the trial court clearly explained the charges Nicholson was pleading guilty to and the joint recommendation of sentence, including the forfeiture of his truck; Nicholson stated he understood all of it.  July 31, 2024 T. at 5-6, 8-9.  We found no deficiencies with the plea hearing.

{¶ 27} Nicholson had adequate representation as he was offered a negotiated plea to three counts from a total of eight.  The trial court conducted a full hearing on the motion to withdraw the plea, asking numerous questions to clarify Nicholson's grounds for the motion.  The trial court heard Nicholson's declarations of confusion and not understanding the deal he was pleading to which are belied by the plea hearing transcript.  At no time in the proceedings did Nicholson profess innocence or advance a complete defense.

{¶ 28} Because Nicholson did not provide the trial court with a reasonable and legitimate basis for his motion to withdraw his guilty plea, the trial court did not abuse its discretion in denying his motion.

{¶ 29} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit.  . . . An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."  *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 30} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.  We

find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 31} The judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By: King, P.J.

Popham, J. and

Gormley, J. concur.