[Cite as *State v. Perez*, 2025-Ohio-4865.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. CT2025-0019 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. CR2024-0614 |
| JORGE PEREZ | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: October 23, 2025 |

**BEFORE:** Andrew J. King; Kevin W. Popham; David M. Gormley, Appellate Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*King, J.*

{¶ 1}   Defendant-Appellant, Jorge Perez, appeals his February 5, 2025 conviction and sentence from the Muskingum County Court of Common Pleas.  Plaintiff-Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On September 5, 2024, the Muskingum County Grand Jury indicted Perez on two counts of trafficking in a Fentanyl-related compound in violation of R.C. 2925.03, two counts of possession of a Fentanyl-related compound in violation of 2925.11, two counts of aggravated trafficking in drugs (methamphetamine) in violation of R.C. 2925.03, and one count of obstructing official business in violation of R.C. 2921.31.  Except for the

last count, each count contained two firearm specifications (one-year and six-year), a major drug offender specification, and two forfeiture specifications.

{¶ 3}   By plea of guilty form filed December 9, 2024, Perez pled guilty to the two counts of trafficking in a Fentanyl-related compound with some of the specifications pursuant to a signed plea agreement entered in the record; the state agreed to dismiss the remaining counts in exchange for the pleas.  By entry filed December 11, 2024, the trial court accepted Perez's pleas, finding they were made knowingly, voluntarily, and intelligently.

{¶ 4}   In a letter to the trial court received on January 27, 2025, Perez made a pro se request to withdraw his guilty pleas, arguing ineffective assistance of counsel.  The docket indicates the document is "***NOT A FILING***".  There is no entry in the record addressing this request.

{¶ 5}   A sentencing hearing was held on February 3, 2025.  Prior to sentencing, the trial court entertained argument on the letter and Perez's request to withdraw his guilty pleas.  Perez argued the prosecutor coerced him to plead guilty because otherwise, his sentence would be maxed out with some other charges he was facing in the State of Georgia.  When asked by the trial court if he was threatened or coerced to plead guilty at the plea hearing, Perez acknowledged he was not threatened or coerced; the trial court denied the request.  By entry filed February 5, 2025, the trial court sentenced Perez to a mandatory minimum of eleven years to an indefinite sixteen and one-half years in prison on one of the trafficking counts, a mandatory one year on the firearm specification, a mandatory eight years on the major drug offender specification, and a mandatory five years on the other trafficking count, all to be served consecutively, for an aggregate

minimum mandatory term of twenty-five years to an indefinite thirty and one-half years in prison.

{¶ 6} Perez filed an appeal and was appointed counsel. Thereafter, Perez's attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967). In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 7} On June 5, 2025, Perez's counsel filed a motion to withdraw and indicated she sent Perez a copy of the *Anders* brief and the relevant transcripts. By judgment entry filed June 12, 2025, this court noted counsel had filed an *Anders* brief and indicated to the court that she had served Perez with the brief. Accordingly, this court notified Perez via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Perez did not do so.

{¶ 8} The matter is now before this court for consideration of counsel's *Anders* brief. Counsel urges this court to review the following:

I

{¶ 9} "THE TRIAL COURT ERRED IN DENYING PEREZ'S MOTION TO WITHDRAW HIS PLEAS."

II

{¶ 10} "THE TRIAL COURT ERRED IN ACCEPTING PEREZ'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

{¶ 11} For ease of discussion, we will address the second assignment of error first.

II

{¶ 12} In the second assignment of error, counsel suggests the trial court erred in accepting Perez's guilty pleas under Crim.R. 11 and erred in sentencing him. We disagree.

PLEAS

{¶ 13} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶ 14} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C), and strictly comply with the constitutional notifications. *State v. Ballard*, 66 Ohio St.2d 473, 475 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977); *State v. Veney*, 2008-Ohio-5200, ¶ 31.

{¶ 15} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering a plea, the defendant waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to compulsory process to obtain witnesses; and (5) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial. *Veney* at ¶ 19. If the trial court fails to strictly comply with these requirements, then the defendant's plea is invalid. *Id.* at ¶ 31.

{¶ 16} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a) and (b); *Veney* at ¶ 10-13.

{¶ 17} For these non-constitutional rights, the trial court must substantially comply with the mandates of Crim.R. 11. *Nero*, 56 Ohio St.3d at 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15.

{¶ 18} We have reviewed the transcript of Perez's plea and find it reflects the trial court's strict compliance with each constitutional notification and its substantial compliance with each non-constitutional notification. December 6, 2024 T. at 7-17. Perez indicated he understood the implications of his pleas and the rights he was waiving. *Id.*

at 16-17. He stated he understood the charges he was pleading guilty to with the attendant specifications and the possible penalties. *Id.* at 7-16.

{¶ 19} Perez did not ask any questions or express any confusion as to the charges and the possible sentences. When asked if he had been promised anything else or threatened in any way in order to enter the pleas of guilty, Perez responded in the negative. *Id.* at 16. He agreed he was satisfied with the advice and assistance he received from his defense counsel. *Id.* at 14-15. Following the colloquy on giving up his constitutional rights, Perez pled guilty to the two counts with specifications. *Id.* at 17-18. At the start of the plea hearing, defense counsel indicated Perez signed the plea form in front of him and he believed Perez was "changing his plea knowingly, intelligently, and voluntarily." *Id.* at 6. We do not find any evidence to the contrary.

SENTENCES

{¶ 20} As for Perez's sentences, this court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The

appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 21} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 22} Nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22. "Accordingly, when a trial court imposes a

sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 23} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds, State v. Morris*, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.). "Under established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.'" *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.). "There is no explicit requirement for a trial court to memorialize the specific factors it considered in its journal entry." *State v. Halasz*, 2025-Ohio-3072, ¶ 15 (8th Dist.), citing *State v. Hodges*, 2013-Ohio-5025, ¶ 13-14 (8th Dist.).

{¶ 24} During the plea colloquy, Perez acknowledged he understood the possible sentences and the possibility of consecutive service. December 6, 2024 T. at 7-13. After Perez was properly notified of his Crim.R. 11 rights, he pled guilty to two felonies of the first degree with attendant specifications. *Id.* at 17-18. Under R.C. 2929.14(A)(1)(a), felonies of the first degree committed after March 22, 2019, are punishable by "an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code . . . ." The trial court sentenced Perez to a mandatory minimum of eleven years to an indefinite sixteen and one-half years in

prison on one of the trafficking counts, a mandatory one year on the firearm specification, a mandatory eight years on the major drug offender specification, and a mandatory five years on the other trafficking count, all to be served consecutively, for an aggregate minimum mandatory term of twenty-five years to an indefinite thirty and one-half years in prison. February 3, 2025 T. at 17-21. The sentences are within the statutory range for first-degree felonies and the specifications. *See* R.C. 2941.141 and 2941.1410(B).

{¶ 25} In the sentencing entry, the trial court noted its consideration of the principles and purposes of sentencing under R.C. 2929.11 and the balance of seriousness and recidivism factors under R.C. 2929.12. Entry filed February 5, 2025. The trial court noted Perez's criminal history with a prior felony conviction and an active felony warrant, and made the requisite findings for consecutive sentencing under R.C. 2929.14(C)(4)(c), stating, "the imposition of consecutive sentences are necessary to protect the public from future crime or to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and to the danger the Defendant poses to the public." *Id.* The trial court noted, Perez's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." *Id;* R.C. 2929.14(C)(4)(c); *see also* February 3, 2025 T. at 21.

{¶ 26} The trial court notified Perez of postrelease control and his right to appeal. Entry filed February 5, 2025; February 3, 2025 T. at 20-22.

{¶ 27} Upon review of the record, we find the trial court properly informed Perez of the consequences of his pleas, properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, imposed sentences within the permissible statutory range, explained

the stated and indefinite sentences, explained the reason for consecutive service, and properly imposed postrelease control; there is nothing in the record to indicate the trial court imposed the sentence based on impermissible considerations. Perez's sentence is therefore not clearly and convincingly contrary to law.

I

{¶ 28} In the first assignment of error, counsel suggests the trial court erred in denying Perez's request to withdraw his guilty pleas. We disagree.

{¶ 29} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66 (1985). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 30} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Supreme Court of Ohio has stated a presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). But "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id.* at paragraph one of the syllabus. A trial court must conduct a hearing and determine whether there is "a reasonable and legitimate basis for the withdrawal of the plea." *Id.* The determination of "a reasonable and legitimate basis" also lies within the trial court's sound discretion. *State v. Rosemark*, 116 Ohio App.3d 306, 308 (9th Dist. 1996).

{¶ 31} Factors a trial court may consider when making a decision on a motion to withdraw a guilty plea include: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist. 1995). No one *Fish* factor is conclusive. *State v. Cuthbertson*, 139 Ohio App.3d 895, 899 (7th Dist. 2000). "It is well-established that a mere change of heart is an insufficient basis for withdrawing a guilty plea." *State v. Parker*, 2025-Ohio-45, ¶ 15 (8th Dist.).

{¶ 32} Prior to sentencing, the trial court entertained argument on Perez's request to withdraw his guilty pleas. Perez argued the prosecutor coerced him to plead guilty

because otherwise, he was told his sentence would be maxed out with some other charges he was facing in the State of Georgia. February 3, 2025 T. at 10-11. When questioned by the trial court, Perez admitted he agreed during the plea colloquy that he was not coerced nor threatened to enter his guilty pleas, but he "was scared." *Id.* at 11-12. As reviewed above, during the plea hearing, the trial court clearly explained the charges Perez was pleading guilty to and the possible sentences; Perez stated he understood all of it. December 6, 2024 T. at 7-17. We found no deficiencies with the plea hearing.

{¶ 33} Perez had adequate representation as he was offered a plea deal to two counts from a total of seven. The trial court conducted a hearing on the request to withdraw the pleas and asked questions to clarify Perez's grounds for the request. The trial court heard Perez's initial claims of coercion followed by his acknowledgment that he was not coerced nor threatened, just scared.

{¶ 34} Because Perez did not provide the trial court with a reasonable and legitimate basis for his motion to withdraw his guilty pleas, the trial court did not abuse its discretion in denying his request.

{¶ 35} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. . . . An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 36} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We

find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 37} For the reasons stated in our accompanying Opinion, the judgment of the Muskingum County Court of Common Pleas is AFFIRMED.

{¶ 38} Costs to Appellant.

By: King, P.J.

Popham, J. and

Gormley, J. concur.