[Cite as *State v. Sullens*, 2022-Ohio-2305.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. CT2021-0068 |
| SHAWN SULLENS | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2021-0346 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 30, 2022 |

APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
Prosecuting Attorney
Muskingum County, Ohio

TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43701

For Defendant-Appellant

TODD W. BARSTOW
261 West Johnstown Road – Suite #204
Columbus, Ohio 43230

*Hoffman, J.*

{¶1}   Defendant-appellant Shawn Sullens appeals his 9-year sentence imposed by the Muskingum County Court of Common Pleas, after he entered guilty pleas to one count of negligent assault, in violation of R.C. 2903.14(A); one count of tampering with evidence, in violation of R.C. 2921.12(A)(1); two counts of possession of drugs (cocaine), in violation of R.C. 2925.11(A); one count of possession of drugs (methamphetamine), in violation 2925.11(A); and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(3).  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2}   On June 24, 2021, the Muskingum County Grand Jury indicted Appellant on one count of negligent assault, in violation of R.C. 2903.14(A), a misdemeanor of the first degree (Count 11); one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree (Count 12); two counts of trafficking in drugs (cocaine), in violation of R.C. 2925.03(A)(2), felonies of the fifth degree, with attendant firearm specifications (Counts 13 and 22); two counts of possession of drugs (cocaine), in violation of R.C. 2925.11(A), felonies of the fifth degree (Counts 15 and 23); one count of trafficking in drugs (methamphetamine), in violation of R.C. 2925.03(A)(2), a felony of the fourth degree with an attendant firearm specification (Count 16); one count of possession of drugs (methamphetamine), in violation 2925.11(A), a felony of the fifth degree (Count 17); one count of trafficking in drugs (heroin), in violation of R.C. 2925.03(A)(2), a felony of the fifth degree with an attendant firearm specification (Count 18); one count of possession of drugs (heroin), in violation 2925.11(A), a felony of the fifth degree (Count 19); one count of trafficking in drugs (fentanyl related compound), in violation of R.C. 2925.03(A)(2), a felony of the fifth degree with an attendant firearm

specification (Count 20); one count of possession of drugs (fentanyl related compound), in violation 2925.11(A), a felony of the fifth degree (Count 21);, a felony of the third degree (Count 24); and one count of assault, in violation of R.C. 2903.13(B), a misdemeanor of the first degree (Count 25). Appellant appeared before the trial court for arraignment on June 30, 2021, and entered a plea of not guilty to the Indictment.

{¶3} The trial court scheduled the matter for jury trial on September 9, 2021. On the morning of trial, the prosecutor advised the trial court Appellant wished to withdraw his general plea of not guilty and enter pleas of guilty to Count 11 (negligent assault), Count 12 (tampering with evidence), Count 15 (possession of drugs – cocaine), Count 17 (possession of drugs – methamphetamine), Count 23 (possession of drugs – cocaine), and Count 24 (having weapons while under disability). The prosecutor further advised the trial court the parties agreed to a joint sentencing recommendation of six years imprisonment and stipulated to the judicial findings necessary for the imposition of consecutive sentences. In exchange for Appellant's guilty pleas, the state agreed to nolle the remaining counts of the Indictment. After conducting a Crim. R. 11 colloquy with Appellant, the trial court accepted his pleas and found him guilty of the aforementioned counts.

{¶4} Thereafter, the state provided the trial court with a recitation of the facts which led to the charges against Appellant.

{¶5} On June 8, 2021, officers were dispatched to Genesis Hospital in reference to a female who had been shot. The female was identified as Shelbie Mourer. Mourer told the officers she was at 1628-A Owens Street in Zanesville, when the shooting occurred, and had been shot in the foot. Officers executed a search warrant at the 1628-

A Owens Street residence. When officers entered the residence, they found several people, one being Appellant, and illicit drugs in different rooms throughout the home, including Appellant's bedroom. The drugs associated with Appellant were tested and determined to be cocaine and methamphetamine.

{¶6} Officers observed blood, which appeared someone had tried to clean, on the floor of the bedroom where Mourer had told police she had been when she was shot. Appellant explained he was holding the gun and "messing with it" when he fired it from the living room through the closed bedroom door, striking Mourer.

{¶7} Appellant admitted he had trafficked drugs out of the home and the drugs found in the front bedroom belonged to him. Appellant indicated the gun he was holding when he shot Mourer was a High Point .9 millimeter, which he took to a house on Dryden after the shooting. Officers ultimately found that gun in a closet at the 1628-A Owens Street home.

{¶8} Appellant had three prior convictions for possession of drugs, fifth degree felonies, out of Franklin County.

{¶9} The trial court deferred sentencing upon completion of a presentence investigation. The trial court memorialized Appellant's convictions via Entry filed September 14, 2021. Appellant appeared before the trial court for sentencing on October 27, 2021. The trial court spoke to Appellant regarding his extensive criminal history, noting the number of times Appellant had been in possession of a weapon, knowing he was prohibited from doing so. The trial court proceeded to sentence Appellant to an aggregate term of imprisonment of 9 years. The trial court memorialized Appellant's

sentence via Entry filed October 27, 2021.  The state entered a Nolle Prosequi on the remaining counts on October 29, 2021.

{¶10}  It is from this sentence Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HIM IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES. (R. ENTRY, 10/27/21; T. SENTENCING HEARING).

{¶11}  In his sole assignment of error, Appellant contends the trial court erred by imposing a sentence which was in contravention of Ohio's sentencing statutes. Specifically, Appellant asserts the trial court failed to properly consider the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12.

{¶12}  Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a defendant's sentence only if we clearly and convincingly find "[t]hat the record does not support the trial court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code) . . . [or] . . . "[t]hat the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23.

{¶13}  Recently, in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, the Ohio Supreme Court held R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12." *Id.* at ¶ 31.

The *Jones* Court explained R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a).  *Id.* at ¶ 28.  Thus, this Court will not engage in an analysis regarding whether the record supports the trial court's findings under R.C. 2929.11 and R.C. 2929.12.

{¶14} In *Jones*, the Supreme Court also confirmed R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32-39. "As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.*, citing  *State v. Brown*, 2nd Dist. Clark App. No. 2016–CA–53, 2017-Ohio-8416, 99 N.E.3d 1135.

{¶15} Under established law, a "trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2nd Dist. Clark App. Nos. 2012–CA–25, 2012–CA–26, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45.

{¶16} The record demonstrates the trial court imposed prison terms in this case which were within the statutory range and the trial court specifically considered the requisite statutory factors in R.C. 2929.11 and R.C. 2929.12 when it fashioned Appellant's aggregate sentence. The trial court reviewed the presentence investigation report. The trial court addressed Appellant and determined Appellant was in possession of a weapon, knew he was prohibited from possessing a weapon, and acknowledged while in possession of the weapon, he shot Mourer. The trial court also noted Appellant's extensive criminal history, which included a number of convictions involving firearms after he was under a weapons disability.

{¶17} Based upon the foregoing, we find Appellant's sentence was not contrary to law.

{¶18} Appellant's sole assignment of error is overruled.

{¶19} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By: Hoffman, J.

Gwin, P.J. and

Wise, John, J. concur