[Cite as *State v. Garcia*, 2025-Ohio-1507.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| PEDRO GARCIA | : | Case No. CT2024-0139 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the Court of Common
                                        Pleas, Case No. CR2024-0509




JUDGMENT:                               Affirmed




DATE OF JUDGMENT:                       April 28, 2025




APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOSEPH A. PALMER                        CHRIS BRIGDON
27 North Fifth Street                   8138 Somerset Road
Zanesville, OH  43702                   Thornville, OH  43076

*King, J.*

{¶ 1}   Defendant-Appellant Pedro Garcia appeals the December 10, 2024 judgment of conviction and sentence of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   A recitation of the underlying facts is unnecessary for our resolution of this appeal. On August 7, 2024, the Muskingum County Grand Jury returned an indictment charging Garcia with one count of engaging in a pattern of corrupt activity, a felony of the first degree, one count of aggravated theft, a felony of the third degree, one count of breaking and entering, a felony of the fifth degree, one count of tampering with evidence, a felony of the third degree, and one count of possessing criminal tools. Each count contained forfeiture of property specifications.

{¶ 3}   Following plea negotiations with the State, Garcia agreed to enter pleas of guilty to one count of engaging in a pattern of corrupt activity, a felony of the first degree, and one count of aggravated theft, a felony of the third degree. He further agreed to forfeit a vehicle and cash involved in the offenses and to pay restitution. In return, the State agreed to dismiss the balance of the indictment, and to make no recommendation at sentencing. The parties stipulated that the offenses did not merge.

{¶ 4}   On October 7, 2024, Garcia appeared before the trial court for a change-of-plea hearing. Garcia signed a Plea of Guilty form which outlined the negotiations of the parties and the trial court engaged Garcia in a thorough Crim.R. 11 plea colloquy. Garcia entered pleas of guilty as agreed upon by the parties. The trial court ordered a presentence investigation and set the matter over for sentencing.

{¶ 5} Garcia appeared for sentencing on December 5, 2024. The trial court indicated it had reviewed the presentence investigation, Garcia's extensive criminal history, letters and documents Garcia had sent to the court, noted the fact that Garcia had an outstanding warrant in Forsyth County Georgia, and that the instant offenses were planned well in advance rather than impulsive. For engaging in a pattern of corrupt activity, the trial court imposed an indefinite sentence of 11 to 16.5 years. For aggravated theft, the trial court imposed a sentence of 36 months. The trial court further ordered Garcia to serve the sentences consecutively for an aggregate total of 14 to 19.5 years.

{¶ 6} Garcia filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follow:

I

{¶ 7} "DID THE TRIAL COURT ERROR WHEN SENTENCING THE APPELLANT TO THE MAXIMUM ALLOWABLE UNDER R.C. §2901.05, IN CONTRAVENTION OF STATUTE." [sic]

II

{¶ 8} "WERE THE IMPOSED CONSECUTIVE SENTENCES ON COUNTS 1 AND 2 IN CONTRAVENTION OF §2929.14(C)(4)?"

I

{¶ 9} In his first assignment of error, Garcia argues his maximum sentences are contrary to law. We disagree.

Applicable Law

{¶ 10} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-

4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 11} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in

the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 12} Garcia appears to argue this court should independently weigh the applicable sentencing considerations. However, nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22. "Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." Id.

{¶ 13} Conversely, "[a] sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), reversed on other grounds, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶ 14} "Under established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any

findings or give its reasons for imposing maximum or more than minimum sentences.' " *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.).

Garcia's Argument

{¶ 15} As an initial matter, Garcia's first assignment of error is confusing. Its caption indicates the trial court erred in sentencing Garcia to a maximum sentence under R.C. 2901.05, which is the statute governing the presumption of innocence, burdens of proof, and self-defense and inapplicable to Garcia's argument. Within the assignment of error, Garcia argues the trial court failed to properly consider the sentencing considerations contained in R.C. 2929.14 which is the consecutive sentences statue, yet he argues the trial court erred by imposing a maximum sentence of 11 to 16.5 years that is contrary to law. Garcia's second assignment of error contains a challenge to his consecutive sentences. We elect to address Garcia's maximum sentence under this assignment of error.

{¶ 16} Garcia argues his sentence is contrary to law because the trial court failed to demonstrate his offenses were the worst forms, failed to explain the likelihood of reoffending, and imposed penalties disproportionate to the harm caused. As noted above, however, the trial court is not required to make any such findings, and this court may not independently weigh the applicable sentencing considerations.

{¶ 17} Garcia does not dispute that the maximum sentence of eleven years imposed herein is within the statutory range for a felony of the first degree. R.C. 2929.14(A)(1)(a) (". . .an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum

term that is determined pursuant to section 2929.144 of the Revised Code. . .”). He also does not point to any impermissible considerations made by the trial court.

{¶ 18} The record demonstrates that before imposing sentence, the trial court received and reviewed a presentence investigation report and heard statements from the prosecutor, defense counsel, and Garcia. The trial court reviewed Garcia's extensive criminal history which dates back to 1998. Garcia agreed he had a "terrible criminal history." Counsel for Garcia conceded that the instant offense involved Garcia getting involved with people "running a nationwide ring of thefts." Transcript of Sentencing (T.) 8-9, 12-15.

{¶ 19} While Garcia may disagree with his maximum sentence, the record reflects the trial court imposed a sentence within the statutory range for a first-degree felony, and one that was not based on impermissible considerations. We therefore conclude the trial court committed no error in sentencing Garcia to a maximum sentence.

{¶ 20} The first assignment of error is overruled.

II

{¶ 21} In his second assignment of error, Garcia argues his consecutive sentences are improper because the record does not support the statutory findings required under R.C. 2929.14(C)(4). We disagree.

{¶ 22} 2929.14(C)(4) governs consecutive sentences. That section states:

> (4) If multiple prison terms are imposed on an offender for convictions
> of multiple offenses, the court may require the offender to serve the
> prison terms consecutively if the court finds that the consecutive

service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 23} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state

reasons to support its findings." *State v. Newman*, 2021-Ohio-2124 (5th Dist.) ¶ 100, citing *State v. Bonnell,* 2014-Ohio-3177, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id.* at ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* If a sentencing court fails to make the findings required by R.C. 2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id.* at ¶ 34.

{¶ 24} Here, the trial court stated:

> The court finds consecutive sentences are necessary to protect the public and punish this offender. Consecutive sentences are not disproportionate to the seriousness of the conduct and the danger posed to the public.
>
> Additionally, your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.

{¶ 25} T. 18.

{¶ 26} The record therefore reflects the trial court's compliance with R.C. 2929.14(C)(4) and support for the trial court's findings is contained in the record. Garcia's consecutive sentences are not, therefore, contrary to law.

{¶ 27} The second assignment of error is overruled.

{¶ 28} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By: King, J.

Baldwin, P.J. and

Hoffman, J. concur.