[Cite as *State v. Lloyd*, 2025-Ohio-2764.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. Kevin W. Popham, J. |
| Plaintiff-Appellee | : | Hon. David M. Gormley, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2025-0012 |
| MARCUS LLOYD | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0615

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     August 5, 2025

APPEARANCES:

For Plaintiff-Appellee

RON WELCH
Prosecuting Attorney
BY: JOSEPH A. PALMER
Assistant Prosecutor
27 North Fifth St.
Zanesville, OH 43701

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, OH 43076

*Popham, J.,*

{¶1}    Appellant Marcus Lloyd appeals the judgment entered by the Muskingum County Court of Common Pleas convicting and sentencing him following his pleas of guilty.  Appellee is the State of Ohio.  For the reasons below, we affirm.

*Facts & Procedural History*

{¶2}    The following facts are adduced from appellee's statement at the change-of-plea hearing on December 6, 2024, and appellee's statement at the sentencing hearing on January 27, 2025.

{¶3}    On August 30, 2024, an officer witnessed a gray Nissan Altima pull into the driveway of a vacant home.  Shortly thereafter, the vehicle pulled out of the driveway.  The officer then observed the vehicle failing twice to properly utilize its turn signal and initiated a traffic stop.  The vehicle was occupied by four men, who initially did not provide identification, and informed the officer there were no weapons in the vehicle.  The driver of the vehicle eventually produced a driver's license; however, the license was expired.  The front seat passenger ran from the scene when the officers found a plastic baggie containing small blue pills inside the vehicle.  Officers tased him and returned him to the scene.

{¶4}    Appellant was in the passenger side rear seat of the vehicle.  When he was ordered out of the vehicle, appellant advised the officer that he was armed with a handgun.  The officer secured the handgun - a Glock .45 caliber semi-automatic weapon, with a round in the chamber.  It had a device attached to it (a "switch") that turned the semi-automatic weapon into a fully automatic weapon.

{¶5} A search of the vehicle revealed a quart-sized Ziploc bag that contained 1,806 blue, round pills, and four square bricks of a pressed white powdery substance. The pills contained fentanyl, but were marked as Percocet. The bricks contained fentanyl and tramadol. An examination of appellant's phone revealed he was involved in planning the trip to obtain these drugs for distribution, including directly communicating with the supplier of the drugs. Appellant has previous misdemeanor convictions and a juvenile adjudication.

{¶6} Appellant was charged by the Muskingum County Grand Jury in a 7-count indictment as follows: Count 1 – trafficking in drugs (fentanyl-related compound), in violation of R.C. 2925.03(A)(2) and R.C. 2925.03(C)(9)(h), a felony of the first degree; Count 2 – possession of a controlled substance (fentanyl-related compound), in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(11)(g), a felony of the first degree; Count 3 – aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2) and R.C. 2925.03(C)(1)(f), a felony of the first degree; Count 4 – trafficking in drugs (fentanyl-related compound), in violation of R.C. 2925.03(A)(2) and R.C. 2925.03(C)(9)(h), a felony of the first degree; Count 5 – aggravated possession of a controlled substance (methamphetamine), in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(1)(e), a felony of the first degree; Count 6 – aggravated possession of a controlled substance (fentanyl-related compound), in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(11)(g), a felony of the first degree; and Count 7 – unlawful possession of a dangerous ordnance, in violation of R.C. 2923.17(A) and R.C. 2923.17(D), a felony of the fifth degree. Each of the first six counts was accompanied by two firearm specifications, a major drug offender

specification, and two forfeiture specifications. Count 7 carried two accompanying firearm specifications.

{¶7} Pursuant to a plea agreement, appellant pled guilty to Count 1 (an F1), an amended Count 4 (an F3), and an amended Count 7 (an F5). Appellee dismissed the remaining charges, as well as the firearm specifications attached to Counts 1, 4, 7, and the major drug offender specification attached to Count 4. Both parties reserved the right to argue at the sentence hearing for the sentence they felt was appropriate. The parties also stipulated that the counts do not merge.

{¶8} The trial court held a sentencing hearing on January 25, 2025. Appellee argued for a twenty-year sentence. Counsel for appellant argued for a fourteen-year sentence, citing appellant's lack of criminal record. Appellant spoke on his own behalf and apologized for his actions.

{¶9} The trial court sentenced appellant to an aggregate term of incarceration of twenty to twenty-five and one-half years. This sentenced is composed of the following: Count 1 – a mandatory indefinite prison term with a minimum length of 11 years and a maximum length of 16.5 years, plus a mandatory prison term of 8 years for the major-drug-offender specification; Count 4 – stated prison term of twelve months, concurrent to Count 1; and Count 7 – stated prison term of twelve months, to be served consecutively to the prison terms in Counts 1 and 4. In support of the sentence, the trial court cited the fact that the pills were marked as Percocet, but were really fentanyl, the fact that appellant secured a fully automatic weapon, and the fact that appellant committed a violation while in jail.

{¶10} In a January 31, 2025, judgment entry, the trial court stated it considered the record, the plea recommendation, the purposes and principles contained in R.C. 2929.11, and the balance of seriousness and recidivism factors under R.C. 2929.12.

{¶11} Appellant appeals from the January 31, 2025, judgment entry of the Muskingum County Court of Common Pleas, and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED IN IMPOSING A MAXIMUM SENTENCE OF 11 YEARS FOR COUNT 1, PLUS 8 YEARS ON THE MAJOR DRUG OFFENDER SPECIFICATION, AND 12 MONTHS FOR COUNT 7, ORDERED TO RUN CONSECUTIVELY, RESULTING IN AN AGGREGATE 20 YEAR MANDATORY SENTENCE WITH AN INDEFINITE MAXIMUM OF 25.5 YEARS, BECAUSE THE SENTENCE WAS CONTRARY TO LAW AND IMPOSED IN VIOLATION OF THE SENTENCING PRINCIPLES SET FORTH IN R.C. 2929.11 AND R.C. 2929.12."

I.

{¶13} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08 provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I), or the sentence is otherwise contrary to law. *Id.*

{¶14} Nothing in R.C. 2953.08 permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729. Instead, we may only determine if the

sentence is contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶ 16 (5th Dist.).

{¶15} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. *State v. Taylor*, 2024-Ohio-238 (5th Dist.).

{¶16} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to achieve these purposes, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶17} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria, which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the

most effective way to comply with the purposes and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶18} Here, the judgment entry states the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The sentence imposed by the trial court on each count is within the statutory guidelines. At the sentencing hearing, the court noted the lethal nature of the drugs, particularly since the pills were marked as Percocet, but contained fentanyl; the fact that appellant modified his weapon to make it a fully automatic weapon; appellant's previous association with drug traffickers, including his co-defendants; appellant's direct contact with the supplier of the drugs found in the vehicle; and appellant's violation at the jail after his arrest.

{¶19} Appellant argues the minimum sanctions to achieve the purpose of R.C. 2929.11 contradicted the sentence imposed and that the trial court failed to adequately consider mitigating factors such as appellant's lack of previous felony convictions, his cooperation with law enforcement, the limited role appellant had in the trafficking operation, and appellant's expression of remorse. While appellant may disagree with the weight given to the R.C. 2929.11 and R.C. 2929.12 factors by the trial judge, we have no basis for concluding the sentence in the instant case is clearly and convincingly contrary to law. The record demonstrates the trial court received and reviewed the presentence investigation report, and heard statements from the prosecutor, defense counsel, and appellant himself. In addition, at the sentencing hearing, the trial court specifically noted several factors in fashioning appellant's sentence, as described above.

**{¶20}** Appellant also argues the trial court did not "meaningfully discuss" how the sentence complied with R.C. 2929.11, and failed to complete a "statutory analysis" of each of the factors contained in R.C. 2929.12. However, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). Although there is a mandatory duty to consider the relevant statutory factors under R.C. 2929.11 and R.C. 2929.12, the sentencing court is not required to engage in any factual findings under these statutes. *State v. Chapman*, 2023-Ohio-2108 (5th Dist.). Under established law, a "trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.).

**{¶21}** We conclude the trial court did not commit error when it sentenced appellant. Upon review, we find the trial court's sentencing complies with applicable rules and sentencing statutes. Appellant's assignment of error is overruled.

{¶22}  The judgment entry of the Muskingum County Court of Common Pleas is affirmed.

By Popham, J.,

Hoffman, P.J., and

Gormley, J., concur