[Cite as *State v. Jackson*, 2025-Ohio-5005.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. CT2025-0049 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. CR2024-0529 |
| ROCKY JACKSON | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: November 3, 2025 |


**BEFORE:** Andrew J. King; Craig R. Baldwin; David M. Gormley, Appellate Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.


*King, P.J.*

{¶ 1} Defendant-Appellant, Rocky Jackson, appeals his April 3, 2025 sentence from the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 15, 2024, the Muskingum County Grand Jury indicted Jackson on one count of theft in violation of R.C. 2913.02 and one count of possessing criminal tools in violation of R.C. 2923.24, both felonies of the fifth degree. The charges arose from an incident on August 25, 2023, where Jackson loaded a shopping cart at Lowe's with merchandise and exited the store without paying. The shopping cart was deemed the criminal tool.

{¶ 3} On January 27, 2025, Jackson pled guilty to the two counts. A sentencing hearing was held on March 31, 2025. By entry filed April 3, 2025, the trial court sentenced Jackson to eleven months on each count, to be served consecutively, for an aggregate term of twenty-two months in prison.

{¶ 4} Jackson filed an appeal with the following assignments of error:

I

{¶ 5} "THE TRIAL COURT ERRED BY IMPOSING A 22-MONTH PRISON SENTENCE FOR NONVIOLENT F5 OFFENSES IN VIOLATION OF R.C. 2929.11 AND 2929.12, IGNORING MITIGATING FACTORS LIKE REHABILITATION, SOBRIETY, RESTITUTION, EMPLOYMENT, AND LOW RECIDIVISM RISK, RENDERING IT DISPROPORTIONATE AND CONTRARY TO LAW UNDER R.C. 2953.08(G)(2)."

II

{¶ 6} "THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WITHOUT RECORD SUPPORT FOR THE FINDINGS UNDER R.C. 2929.14(C)(4), AS THE DEFENDANT'S POST-RELEASE REFORMATION AND LACK OF RECENT HARM UNDERMINE THE NEED TO PROTECT THE PUBLIC OR PUNISH DISPROPORTIONATELY."

I, II

{¶ 7} In his two assignments of error, Jackson claims his sentence is contrary to law because the trial court failed to impose the minimum sanctions as required under R.C. 2929.11 and 2929.12, and the record does not support consecutive service. We disagree.

{¶ 8}   This court reviews felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.).  Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 9}   "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in

the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 10} Nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22. "Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 11} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds, State v. Morris*, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.). "Under established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.'" *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.). "There is no explicit requirement for a trial court to

memorialize the specific factors it considered in its journal entry." *State v. Halasz*, 2025-Ohio-3072, ¶ 15 (8th Dist.), citing *State v. Hodges*, 2013-Ohio-5025, ¶ 13-14 (8th Dist.).

{¶ 12} R.C. 2929.14(C)(4) governs consecutive sentences and states the following:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} Jackson pled guilty to two fifth-degree felonies. Under R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "a definite term of six, seven, eight, nine, ten, eleven, or twelve months." In its entry filed April 3, 2025, the trial court sentenced Jackson to eleven months on each count, to be served consecutively, for an aggregate term of twenty-two months in prison. The sentences are within the statutory range for fifth-degree felonies.

{¶ 14} In the sentencing entry, the trial court noted its consideration of the principles and purposes of sentencing under R.C. 2929.11 and the balance of seriousness and recidivism factors under R.C. 2929.12. Entry filed April 3, 2025.

{¶ 15} Jackson argues there was extensive mitigating evidence under R.C. 2929.12(E) which states:

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) Except as provided in division (G) of this section, the offender shows genuine remorse for the offense.

{¶ 16} Jackson argues his factors indicating recidivism is less likely are his "lack of recent criminal activity, successful rehabilitation, and stable employment." Appellant's Brief at 6-7. Jackson told the trial court he has been addicted to drugs since he was thirteen and stole to pay for his addiction and for some places to sleep. March 31, 2025 T. at 7. But he stated he has maintained sobriety for over a year and a half with no failed drug tests, secured full-time employment, launched a mobile services business, paid restitution to Lowe's before sentencing, purchased a home, and reengaged as a father to his children. *Id.* at 5-9.

{¶ 17} In considering the R.C. 2929.12 factors, the trial court noted Jackson violated the terms of his community control out of Ross County, and had a juvenile record, probation violations, and numerous misdemeanor charges and convictions in several different counties. *Id.* at 13-14. He was incarcerated for a felony theft conviction and was released in July of 2024. *Id.* at 12. At the time of his plea, he was on probation out of Fairfield County. January 27, 2025 T. at 8, 24. In its sentencing entry, the trial court noted it made judicial findings that Jackson "had previously been placed on community control and had a lengthy list of violations including committing this offense while under

supervision, has an extensive criminal history and juvenile adjudications." Entry filed April 3, 2025.

{¶ 18} The trial court made the requisite findings for consecutive sentencing under R.C. 2929.14(C)(4), stating, "the imposition of consecutive sentences are necessary to protect the public from future crime or to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and to the danger the Defendant poses to the public." Entry filed April 3, 2025. The trial court noted: "At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct." *Id;* R.C. 2929.14(C)(4)(b). The trial court also noted Jackson's "history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime." *Id;* R.C. 2929.14(C)(4)(c).

{¶ 19} The trial court notified Jackson of postrelease control. March 31, 2025 T. at 14-15; Entry filed April 3, 2025.

{¶ 20} Upon review of the record, we find the trial court properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, imposed sentences within the permissible statutory range, explained the reason for consecutive service, and properly imposed postrelease control; there is nothing in the record to indicate the trial court imposed the sentence based on impermissible considerations. Jackson's sentence is therefore not clearly and convincingly contrary to law. His arguments that his sentence is disproportionate or an unnecessary burden on state resources lack merit.

{¶ 21} Assignments of Error I and II are denied.

{¶ 22} For the reasons stated in our accompanying Opinion, the judgment of the Muskingum County Court of Common Pleas is AFFIRMED.

{¶ 23} Costs to Appellant.

By: King, P.J.

Baldwin, J. and

Gormley, J. concur.