[Cite as *State v. Wells*, 2025-Ohio-5535.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25 CAA 05 0038 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 2024 CR I 09 0539 |
| CASH WELLS | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: December 11, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, KATHERYN L. MUNGER, for Plaintiff-Appellee; RUSSELL S. BENSING, for Defendant-Appellant.

*King, J.*

{¶ 1}   Defendant-Appellant, Cash Wells, appeals his May 5, 2025 sentence from the Delaware County Court of Common Pleas.  Plaintiff-Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On September 19, 2024, the Delaware County Grand Jury indicted Wells on one count of felonious assault with a deadly weapon in violation of R.C. 2903.11 with a firearm specification, one count of strangulation in violation of R.C. 2903.18, one count of abduction in violation of R.C. 2905.02 with a firearm specification, and one count of domestic violence in violation of R.C. 2919.25.  The charges arose from an incident involving Wells's wife.

{¶ 3} On April 4, 2025, Wells pled guilty to the strangulation count and the abduction count, both counts in the third degree. The remaining two counts, as well as the firearm specifications, were dismissed. A sentencing hearing was held on May 5, 2025. By judgment entry filed May 5, 2025, the trial court sentenced Wells to thirty-six months on each count, to be served consecutively, for an aggregate term of seventy-two months in prison.

{¶ 4} Wells filed an appeal with the following assignment of error:

I

{¶ 5} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES WHICH WERE CLEARLY AND CONVINCINGLY UNSUPPORTED BY THE RECORD."

I

{¶ 6} In his sole assignment of error, Wells claims the imposition of consecutive service was clearly and convincingly unsupported by the record. We disagree.

{¶ 7} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 9} Nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the

claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22. "Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 10} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds, State v. Morris*, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.). "Under established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.'" *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.). "There is no explicit requirement for a trial court to memorialize the specific factors it considered in its journal entry." *State v. Halasz*, 2025-Ohio-3072, ¶ 15 (8th Dist.), citing *State v. Hodges*, 2013-Ohio-5025, ¶ 13-14 (8th Dist.).

{¶ 11} R.C. 2929.14(C)(4) governs consecutive sentences and states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} Wells pled guilty to two third-degree felonies. Under R.C. 2929.14(A)(3), felonies of the third degree are punishable by "a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." In its judgment entry May 5, 2025, the trial court sentenced Wells to thirty-six months on each count, to be served consecutively, for an aggregate term of seventy-two months in prison. The sentences are within the statutory range for third-degree felonies.

{¶ 13} In the sentencing entry, the trial court noted its consideration of the principles and purposes of sentencing under R.C. 2929.11 and the balance of seriousness and recidivism factors under R.C. 2929.12. Judgment Entry filed May 5, 2025.

{¶ 14} Wells argues although the details of the incident with his wife are highly disturbing, he has no prior history of violence and his only prior conviction involved fraud. Appellant's Brief at 6. Further, he suffered from mental health issues. *Id.* Wells agreed that a prison sentence was justified, but maximum consecutives sentences were unsupported by the record.

{¶ 15} Prior to his plea, Wells underwent a competency evaluation. He was found competent to stand trial. Judgment Entry filed February 11, 2025.

{¶ 16} During the plea hearing, the prosecutor informed the court of Wells's actions during the incident. Wells used both hands to apply pressure to his wife's neck obstructing her breathing. April 4, 2025 T. at 12-13. Every time wife attempted to leave, Wells would drag her, pull her, and "start assaulting her again to prevent her from escaping or calling for help." *Id.* at 13. This went on for almost an hour. *Id.*

{¶ 17} During the sentencing hearing, the prosecutor stated Wells terrorized his wife, strangling and pistol-whipping her in the presence of three minor children (ages 14, 6, and 2). May 5, 2025 T. at 6-8, 11, 18, 30. He pulled her hair, slapped her, bit her, choked her, and slammed her to the ground. *Id.* at 11, 15-16, 21-23. He ripped a cabinet out of the kitchen and threw it at wife. *Id.* at 15-16. At one point, the 14-year-old called 9-1-1 and the 6-year-old saw Wells put a pistol in his mouth. *Id.* at 7, 27-30. Wife left with the children and went to the hospital and then a hotel. *Id.* at 8, 18. Wells showed up

at the hotel, bent down around wife's vehicle and "lo and behold, then all four tires are slashed." *Id.* at 9.

{¶ 18} Defense counsel spoke at length about Wells's mental health issues and while not dismissing some prison time, argued mainly for rehabilitation and treatment. *Id.* at 35-50. When asked by the trial court what Wells did about treatment during the seven months between being released on bond and the plea hearing, defense counsel responded, "[v]irtually nothing. And I'm not even suggesting he's going to do it." *Id.* at 45. The trial court released Wells on bond because Wells wanted to go to a facility for treatment, but once released, he entered a facility for a few days and then left against medical advice and chose to work instead. *Id.* at 46. The trial court heard testimony from Wells's friend and mother, also advocating for treatment. *Id.* at 56-69. The trial court acknowledged it was a difficult case, and it had considered everything in the record, the testimony presented, and the sentencing statutes in fashioning the sentence. *Id.* at 70-71.

{¶ 19} As held by the Supreme Court: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶ 20} During the sentencing hearing, the trial court made the requisite findings for consecutive sentencing under R.C. 2929.14(C)(4), stating:

Considering the seriousness of the offense, the harm to the victim, the presence of the children witnessing the abuse, the stalking of the victim, the non-compliance with pretrial orders, I do believe that a prison term is warranted here to protect the public and protect the victim. I understand the need for rehabilitation. I think that is secondary at this point to protecting the public and the victim. So, the Court will impose a prison term and I will impose the following. I will impose on Count 2, a 36-month prison term, and on Count 3, I will impose a 36-month prison term. The Court will order that those be served consecutively to each other, and that those are necessary to protect the public from future crime and to punish Mr. Wells, that they are not disproportionate to the seriousness of the conduct and the danger posed to the public. Again, you've got a pistol-whipped victim who was held at bay for an hour, dragged back into the scene, choked, and then basically terrorized. So, the Court notes that the danger posed to the victim and the public here warrant consecutive sentences. And that at least two of the multiple offenses were committed as one or more courses of conduct and the harm caused by those courses of conduct are so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of Mr. Wells' conduct.

May 5, 2025 T. at 75-76.

{¶ 21} In the sentencing entry, the trial court noted, "consecutive sentences are necessary to protect the public from future crime or to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and to the danger the Defendant poses to the public." Judgment Entry filed May 5, 2025. The trial court further noted: "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of Mr. Wells's conduct." *Id;* R.C. 2929.14(C)(4)(b).

{¶ 22} The trial court notified Wells of postrelease control. April 4, 2025 T. at 16-17; May 5, 2025 T. at 76-77; Judgment Entry filed May 5, 2025.

{¶ 23} Upon review of the record, we find the trial court properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, imposed sentences within the permissible statutory range, explained the reason for consecutive service meeting the mandates under R.C. 2929.14(C)(4), and properly imposed postrelease control; there is nothing in the record to indicate the trial court imposed the sentence based on impermissible considerations. Wells's sentence, including the consecutive service, is not clearly and convincingly contrary to law.

{¶ 24} The sole assignment of error is denied.

{¶ 25} For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is AFFIRMED.

{¶ 26} Costs to Appellant.

By: King, J.

Baldwin, P.J. and

Montgomery, J. concur.