[Cite as *State v. Eskridge*, 2026-Ohio-2264.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0100 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0382 |
| HUNTER D. ESKRIDGE | Judgment:  Affirmed |
| Defendant - Appellant | Date of Judgment Entry: June 15, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** JOE PALMER, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}　The appellant, Hunter D. Eskridge, appeals the judgment of the Muskingum County Court of Common Pleas sentencing him to an indefinite prison term of four to six years following his guilty plea to one count of aggravated possession of drugs. The appellee is the State of Ohio.

### STATEMENT OF FACTS AND THE CASE

{¶2}　On August 4, 2025, the appellant entered a guilty plea to Aggravated Possession of Drugs in violation of R.C. 2925.11(A). The charge arose after the appellant possessed methamphetamine while being transported to a hospital for treatment of pneumonia. The trial court accepted the plea, found the appellant guilty, and ordered a presentence investigation.

{¶3} On September 29, 2025, the matter proceeded to sentencing. At the sentencing hearing, the trial court reviewed the appellant's presentence investigation report and discussed the appellant's criminal history, history of substance abuse, prior drug-related convictions, and prior violations of community control. The record reflects the appellant acknowledged beginning marijuana use at age twelve, later using methamphetamine, and abusing other controlled substances. The trial court also noted the appellant's prior convictions, which included drug paraphernalia, assault, resisting arrest, obstructing official business, and petty theft.

{¶4} The trial court further expressed concern regarding the amount of methamphetamine involved in the offense and questioned the appellant as to why he possessed such a large amount. The appellant responded that he had "a very serious drug problem."

{¶5} In its sentencing entry, the trial court stated it considered the record, the statements of the parties, any victim-impact statement, the plea recommendation, the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. The trial court found that the appellant had a long record and a prior felony conviction.

{¶6} The trial court sentenced the appellant to an indefinite prison term consisting of a minimum prison term of four years and a maximum prison term of six years. The court also imposed a mandatory fine of $7,500, court costs, mandatory post-release control for a period of eighteen months to three years, and credited the appellant with 117 days of jail-time credit.

{¶7} The appellant filed a timely notice of appeal and raised the following sole assignment of error:

**{¶8}** "I. THERE IS CLEAR AND CONVINCING EVIDENCE THAT THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S IMPOSITION OF A FOUR-YEAR MINIMUM PRISON SENTENCE, AND THE SENTENCE IS CONTRARY TO LAW."

## I.

**{¶9}** In his sole assignment of error, the appellant argues that the record does not support the sentence and that the sentence is contrary to law. We disagree.

### STANDARD OF REVIEW

**{¶10}** We review felony sentences under R.C. 2953.08(G)(2). An appellate court may vacate or modify a felony sentence only if it clearly and convincingly finds either that the record does not support the sentencing court's findings under the enumerated statutes, or that the sentence is otherwise contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶23. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954).

**{¶11}** A sentence is not contrary to law when it falls within the statutory range, the trial court considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, and the trial court has complied with all applicable sentencing requirements. *State v. Morris*, 2021-Ohio-2646, ¶90 (5th Dist.), *rev'd on other grounds*, 2022-Ohio-4609.

**ANALYSIS**

{¶12} The appellant argues that the trial court's four-year minimum sentence is unsupported by the record and contrary to law. Specifically, the appellant contends the trial court failed to impose a sentence consistent with sentences imposed upon similar crimes and improperly relied on its belief that the appellant may have been involved in trafficking, despite the appellant not being charged with trafficking. We disagree.

{¶13} The appellant was convicted of aggravated possession of drugs. The trial court imposed a four-year minimum prison term, which is within the statutory range. The appellant does not dispute that the prison term imposed falls within the statutory range for the offense.

{¶14} The sentencing entry reflects the trial court considered the record, the parties' statements, any victim-impact statement, the plea recommendation, the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. The trial court was not required to make specific findings under R.C. 2929.11 or R.C. 2929.12, nor was it required to give reasons for imposing the sentence it did. *State v. Sullens*, 2022-Ohio-2305, ¶15 (5th Dist.) The trial court has full discretion to impose any sentence within the authorized statutory range, and the trial court's statement that it considered the relevant statutory factors is sufficient to demonstrate compliance. *Id*.

{¶15} The record also contains ample evidence supporting the trial court's exercise of discretion. At sentencing, the trial court discussed the appellant's prior criminal record, his history of substance abuse, prior drug-related convictions, and prior community-control violations. Defense counsel acknowledged the appellant's record was "horrible." The appellant admitted prior drug use and acknowledged that he possessed

the felony-two-amount of methamphetamine because he had "a very serious drug problem." The trial court was entitled to consider the appellant's criminal history, recidivism risk, substance-abuse history, and the circumstances of the offense when imposing sentence.

{¶16} The appellant also argues that the sentence is inconsistent with sentences imposed on similar offenders. However, consistency in sentencing does not require uniformity. Rather, it requires the trial court to consider the statutory sentencing factors. To demonstrate a sentence is inconsistent, an appellant must show that similarly situated offenders, committing similar offenses, with similar records and circumstances, received grossly disproportionate sentences. The appellant has not identified any similarly situated offenders, any comparable cases, or any evidence demonstrating that his sentence is grossly disproportionate to sentences imposed for similar crimes by similar offenders.

{¶17} Finally, the appellant challenges the trial court's comments expressing concern that the amount of methamphetamine suggested more than personal use. The quantity of drugs possessed was a permissible sentencing consideration under R.C. 2929.12, and the record does not demonstrate the trial court sentenced the appellant for an uncharged trafficking offense. The trial court sentenced the appellant for the offense to which he pleaded guilty: aggravated possession of drugs. The four-year minimum term imposed was authorized by statute and was based upon the court's consideration of the appellant's record, the amount of drugs involved, the appellant's substance-abuse history, and the statutory sentencing factors.

{¶18} Upon review, the appellant has not demonstrated by clear and convincing evidence that his sentence is contrary to law or that the record fails to support it. The

sentence is within the statutory range, the trial court considered R.C. 2929.11 and R.C. 2929.12, and the record does not establish any reversible sentencing error.

{¶19} The appellant's sole assignment of error is overruled.

## CONCLUSION

{¶20} Based upon the foregoing, the judgment of the Muskingum County Court of Common Pleas is affirmed.

{¶21} Costs to the appellant.

By: Baldwin, P.J.

Montgomery, J. and

Gormley, J. concur.