[Cite as *State v. Gohring*, 2025-Ohio-5441.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. CT2025-0048 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. CR2024-0805 |
| JOHNNY GOHRING | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: December 4, 2025 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*King, J.*

{¶ 1}  Defendant-Appellant, Johnny Gohring, appeals his April 3, 2025 conviction and sentence from the Muskingum County Court of Common Pleas.  Plaintiff-Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On December 18, 2024, the Muskingum County Grand Jury indicted Gohring on one count of aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11.

{¶ 3}  By plea of guilty form filed February 10, 2025, Gohring pled guilty to one count of possession of drugs (methamphetamine), a felony in the second degree.  By

entry filed February 11, 2025, the trial court accepted Gohring's plea, finding it was made knowingly, voluntarily, and intelligently.

{¶ 4}   A sentencing hearing was held on March 31, 2025.  By entry filed April 3, 2025, the trial court sentenced Gohring to a mandatory minimum of five years to an indefinite seven and one-half years in prison.

{¶ 5}   Gohring filed an appeal and was appointed counsel.  Thereafter, Gohring's attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967).  In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw.  *Id.* at 744.  Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal*.  Id.*  Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses.  *Id.*  Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist.  If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires.  *Id.*

{¶ 6}   On July 18, 2025, Gohring's counsel filed a motion to withdraw and indicated she sent Gohring a copy of the *Anders* brief and the relevant transcripts.  By judgment entry filed August 12, 2025, this court noted counsel had filed an *Anders* brief and indicated to the court that she had served Gohring with the brief.  Accordingly, this

court notified Gohring via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Gohring did not do so.

{¶ 7} The matter is now before this court for consideration of counsel's *Anders* brief. Counsel urges this court to review the following:

I

{¶ 8} "THE TRIAL COURT ERRED IN ACCEPTING GOHRING'S GUILTY PLEA UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

I

{¶ 9} In the sole assignment of error, counsel suggests the trial court erred in accepting Gohring's guilty plea under Crim.R. 11 and erred in sentencing him. We disagree.

## PLEA

{¶ 10} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶ 11} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C), and strictly comply with the constitutional notifications. *State v. Ballard*, 66 Ohio St.2d 473, 475 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977); *State v. Veney*, 2008-Ohio-5200, ¶ 31.

{¶ 12} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering a plea, the defendant waives important

constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to compulsory process to obtain witnesses; and (5) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial. *Veney* at ¶ 19. If the trial court fails to strictly comply with these requirements, then the defendant's plea is invalid. *Id.* at ¶ 31.

{¶ 13} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a) and (b); *Veney* at ¶ 10-13.

{¶ 14} For these non-constitutional rights, the trial court must substantially comply with the mandates of Crim.R. 11. *Nero*, 56 Ohio St.3d at 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15.

{¶ 15} We have reviewed the transcript of Gohring's plea and find it reflects the trial court's strict compliance with each constitutional notification and its substantial compliance with each non-constitutional notification. February 10, 2025 T. at 5-12. Gohring indicated he understood the implications of his pleas and the rights he was waiving. *Id.* at 10-12. He stated he understood the charge he was pleading guilty to and the possible penalties. *Id.* at 5-10.

{¶ 16} Gohring did not ask any questions or express any confusion as to the charge and the possible sentence. When asked if he had been promised anything else or threatened in any way in order to enter the plea of guilty, Gohring responded in the negative. *Id.* at 10. He agreed he was satisfied with the advice and assistance he received from his defense counsel. *Id.* at 9-10. Following the colloquy on giving up his constitutional rights, Gohring pled guilty to one count of possession of drugs. *Id.* at 12. At the start of the plea hearing, defense counsel indicated Gohring signed the plea form in front of him and he believed Gohring was "going to enter his plea here today knowingly, intelligently, and voluntarily." *Id.* at 5. We do not find any evidence to the contrary.

SENTENCE

{¶ 17} As for Gohring's sentence, this court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court

abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 18} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 19} Nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22. "Accordingly, when a trial court imposes a

sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 20} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds, State v. Morris*, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).  "Under established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.'" *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.).  "There is no explicit requirement for a trial court to memorialize the specific factors it considered in its journal entry." *State v. Halasz*, 2025-Ohio-3072, ¶ 15 (8th Dist.), citing *State v. Hodges*, 2013-Ohio-5025, ¶ 13-14 (8th Dist.).

{¶ 21} During the plea colloquy, Gohring acknowledged he understood the possible sentence.  February 10, 2025 T. at 5-8.  After Gohring was properly notified of his Crim.R. 11 rights, he pled guilty to a felony of the second degree. *Id.* at 12.  Under R.C. 2929.14(A)(2)(a), felonies of the second degree committed after March 22, 2019, are punishable by "an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code . . . ."  The trial court sentenced Gohring to a mandatory minimum of five years to an indefinite seven and one-

half years in prison.  March 31, 2025 T. at 9.  The sentence is within the statutory range for a second-degree felony.

{¶ 22} In the sentencing entry, the trial court noted its consideration of the principles and purposes of sentencing under R.C. 2929.11 and the balance of seriousness and recidivism factors under R.C. 2929.12.  Entry filed April 3, 2025.  The trial court noted Gohring had a felony record and had previously violated probation.  *Id;* March 31, 2025 T. at 8.

{¶ 23} The trial court notified Gohring of postrelease control and his right to appeal.  Plea of Guilty filed February 10, 2025; Entry filed April 3, 2025; February 12, 2025 T. at 8-9, 12; March 31, 2025 T. at 11-12.

{¶ 24} Upon review of the record, we find the trial court properly informed Gohring of the consequences of his pleas, properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, imposed a sentence within the permissible statutory range, explained the stated and indefinite sentences, and properly imposed postrelease control; there is nothing in the record to indicate the trial court imposed the sentence based on impermissible considerations.  Gohring's sentence is therefore not clearly and convincingly contrary to law.

{¶ 25} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit.  . . . An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."  *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 26} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.  We

find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 27} For the reasons stated in our accompanying Opinion, the judgment of the Muskingum County Court of Common Pleas is AFFIRMED.

{¶ 28} Costs to Appellant.

By: King, J.

Hoffman, P.J. and

Montgomery, J. concur.