[Cite as *State v. Anderson*, 2026-Ohio-591.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25 CAA 07 0062 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 25 CRI 03 0132 |
| JEREMY A. ANDERSON | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry:  February 20, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; David M. Gormley, Appellate Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, KATHERYN L. MUNGER, for Plaintiff-Appellee; BRADLEY P. KOFFEL, for Defendant-Appellant.


*King, P.J.*

{¶ 1}  Defendant-Appellant, Jeremy A. Anderson, appeals his July 2, 2025 sentence from the Delaware County Court of Common Pleas.  Plaintiff-Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On March 6, 2025, a bill of information was filed in Delaware County charging Anderson with two counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and (B)(1).  It was alleged that on October 14, 2024, Anderson operated a motor vehicle while under the influence of alcohol and struck a vehicle, causing serious physical harm to a family of four.  At the time of the accident, Anderson was driving 82 m.p.h. on U.S. Route 23 when he failed to stop for stopped traffic in front of him and

slammed into the rear of a vehicle occupied by Nathan and Meredith Hausmann and their two minor children. Meredith sustained serious physical harm and had to be transported to the hospital; Nathan and the two children also sustained serious physical and psychological harm. Pursuant to a warrant for a blood draw, Anderson's blood alcohol content was .218. Anderson was not cooperative during the blood draw and had to be held down.

{¶ 3} On April 4, 2025, Anderson was arraigned and waived indictment and elected to proceed by way of information. On the same date, Anderson pled guilty to the charges contained in the bill of information. A sentencing hearing was held on June 30, 2025. By judgment entry filed July 2, 2025, the trial court sentenced Anderson to four years on each count, to be served consecutively, for a total term of eight years in prison.

{¶ 4} Anderson filed an appeal with the following assignment of error:

I

{¶ 5} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES WHERE THE RECORD DOES NOT SUPPORT THE FINDINGS REQUIRED BY R.C. 2929.14(C)(4)."

I

{¶ 6} In his sole assignment of error, Anderson claims the trial court erred in imposing consecutive sentences. We disagree.

{¶ 7} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8}  "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 9}  Nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court

"concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22. "Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 10} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds, State v. Morris*, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.). "Under established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.'" *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.). "There is no explicit requirement for a trial court to memorialize the specific factors it considered in its journal entry." *State v. Halasz*, 2025-Ohio-3072, ¶ 15 (8th Dist.), citing *State v. Hodges*, 2013-Ohio-5025, ¶ 13-14 (8th Dist.).

{¶ 11} R.C. 2929.14(C)(4) governs consecutive sentences and states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} Anderson pled guilty to two third-degree felonies. Under R.C. 2929.14(A)(3)(a), felonies of the third degree are punishable by "a definite term of twelve,

eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months." In its July 2, 2025 judgment entry, the trial court sentenced Anderson to four years (forty-eight months) on each count, to be served consecutively, for a total term of eight years in prison. The sentences are within the statutory range for third-degree felonies.

{¶ 13} In the sentencing entry, the trial court noted its consideration of the principles and purposes of sentencing under R.C. 2929.11 and the balance of seriousness and recidivism factors under R.C. 2929.12.

{¶ 14} Anderson argues mandatory consecutive sentences are reserved for the most extraordinary cases and this case does not warrant consecutive sentences. Appellant's Brief at 6-7. He argues he is a first-time felon with no history of violence, a father whose life is defined by steady work, devotion to family, and community service, and a man immersed in treatment, faith, and recovery, and committed to sobriety. *Id.* at 7. Anderson argues his consecutive sentence is disproportionate. *Id.*

{¶ 15} During the sentencing hearing, the trial court had before it the Victim-Impact Statement and heard from Nathan who described the serious injuries his family sustained. His wife Meredith suffered multiple breaks of her jaw, a brain bleed, broken teeth, a concussion, a chin laceration, and bruising, and underwent emergency surgery; the children experienced concussions and have continued difficulties concentrating and participating in activities; he experienced a concussion and a broken foot. June 30, 2025 T. at 8-10. The family has continued physical limitations and psychological trauma (night terrors, anxiety, flashbacks) from the accident. *Id.* 10-11. The prosecutor reiterated the physical and psychological harm the family sustained from Anderson's conduct. *Id.* at 11-12. The prosecutor stated Anderson's "blood alcohol content was point 218 which is over

two and a half times the legal limit. Not only was he highly intoxicated, but he was driving over 80 miles per hour on US 23 which the State would suggest is reckless in and of itself on US 23 to go that fast that time of night [7:00 p.m.]." *Id.* at 12. The prosecutor argued Anderson's actions and conduct were "heinous" that night given that his decision to drive while impaired "forever changed the lives of an entire family" and therefore he should face severe consequences. *Id.* at 13. The State requested a nine-year prison term. *Id.* at 11, 13.

{¶ 16} The trial court also heard from three individuals on behalf of Anderson who spoke of his alcohol recovery efforts, his recent commitment to God, and his motivation to change not to get "out of trouble" but to allow "Christ to work revelation and repentance into his character." *Id.* at 14-20. Anderson spoke and apologized to the family, the court, the police officers, and the EMS; he expressed remorse and stated he was committed to change. *Id.* at 24. Defense counsel requested the minimum prison term. *Id.* at 20-21.

{¶ 17} The trial court did not sentence Anderson to the maximum sentence available for each count (sixty months) and did not follow the State's recommendation for a total term of nine years in prison, nor did the trial court sentence Anderson to the minimum sentence available for each count (twelve months). The trial court sentenced Anderson to forty-eight months or four years on each count to be served consecutively for a total term of eight years in prison.

{¶ 18} As held by the Supreme Court: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing

entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶ 19} During the sentencing hearing, the trial court noted Anderson was charged with OVI in Franklin County back in 2010 which was reduced to reckless operation. June 30, 2025 T. at 25. The trial court also noted the victims' "serious physical harm, serious psychological harm, serious economic harm for something that's so avoidable," as well as Anderson's remorse and his low recidivism score. *Id.* at 26, 27-28. In imposing consecutive service, the trial court made the requisite findings under R.C. 2929.14(C)(4) as follows (*Id.* at 29-30):

In considering all the factors, considering the entire record in this case, and considering the fact that the statute outlines that a mandatory sentence is necessary, the Court finds that a prison sentence is necessary to protect the public and any non prison sentence would demean the seriousness of the Defendant's conduct. As to Count One, the Court will impose 48 months prison. As to Count Two, the Court will impose 48 months prison. The Court finds that a consecutive sentence is necessary pursuant to 2929.14(C)(4). The Court specifically finds that consecutive sentences are necessary to protect the public from future crime and to punish the Defendant, and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger he poses to the public, and that at least two of the multiple offenses were committed as part of one or more courses of conduct, the harm caused by that course of

conduct was so great or unusual that no single prison term for any of the offenses committed as part of that course of conduct adequately reflects the seriousness of the Defendant's conduct. Again, the Defendant was going 80 miles per hour on a busy road, rear ended a family of four and caused serious physical harm and, again, there's no question to at least two of the members and again especially the children that were in that vehicle.

{¶ 20} In the sentencing entry, the trial court noted, "consecutive sentences are necessary to protect the public from future crime or to punish the Defendant; and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public." Judgment Entry filed July 2, 2025. The trial court further noted: "At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct." *Id;* R.C. 2929.14(C)(4)(b).

{¶ 21} The trial court notified Anderson of postrelease control. April 4, 2025 T. at 22-24; June 30, 2025 T. at 3-6, 30-31; Judgment Entry filed July 2, 2025.

{¶ 22} Upon review of the record, we find the trial court properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, imposed sentences within the permissible statutory range, explained the reason for consecutive service meeting the mandates under R.C. 2929.14(C)(4), and properly imposed postrelease control; there is nothing in the record to indicate the trial court imposed the sentence based on

impermissible considerations.  Anderson's sentence, including the consecutive service, is not clearly and convincingly contrary to law.

{¶ 23} The sole assignment of error is denied.

{¶ 24} For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is AFFIRMED.

{¶ 25} Costs to Appellant.

By: King, P.J.

Hoffman, J. and

Gormley, J. concur.